UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON GRAHAM, | ) |
| *Petitioner,* | ) |
| | ) Cause No. 3:16-cv-366 |
| vs. | ) (Arising from 3:11-cr-143 RLM) |
| UNITED STATES OF AMERICA, | ) |
| *Respondent.* | ) |

OPINION AND ORDER

Defendant Jason Graham pleaded guilty to possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and maintaining a marijuana distribution house, 21 U.S.C. § 856(a)(1). This matter is before the court on Mr. Graham's motion to vacate and correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Graham's motion.

I. BACKGROUND

Mr. Graham pleaded guilty to the following events. On one occasion an ATF informant purchased marijuana from Mr. Graham, and on three other occasions from one of his codefendants. While executing a search warrant of a house, police and ATF officers found Mr. Graham there, as well as three pounds of marijuana, two loaded handguns, two surveillance cameras, drug packaging, and ammunition. A codefendant admitted to dealing and maintaining the house as a "weed house" with Mr. Graham.

Mr. Graham had two prior felony convictions for dealing cocaine and robbery. The first was considered a "controlled substance offense" and the second a "crime of violence" under the Federal Sentencing Guidelines. USSG §§ 2K2.1(a)(2), 4B1.2. These two prior convictions subjected Mr. Graham to the enhanced sentencing of a "career offender," moving him from a base offense level of 14 to 32 and a criminal history category of IV to VI. The recommended sentence range with the enhancement was 151 to 188 months. This court sentenced Mr. Robertson to 120 months for possession with intent to distribute marijuana and 48 months for maintaining a marijuana distribution house, each to be served consecutively.

As part of his plea agreement, Mr. Graham agreed to the following waiver:

> I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximums listed above, the United States Sentencing Guidelines, and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. *With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel.* I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

Pet. to Enter a Guilty Plea, ¶ 9(d) (emphasis added).

Magistrate Judge Christopher Nuechterlein conducted the change of plea hearing. He specifically drew Mr. Graham's attention to the appeal waiver. He read the italicized portion of the previous text to Mr. Robertson and explained:

> Now, what I want to point out to you is, earlier, when I said, "If you went to trial, and if you were convicted at trial, you could appeal your conviction with the assistance of counsel," but what I just read to you here in your plea agreement, that sentence, you're giving up that right to appeal, so, as this says, you will not be able to appeal your conviction or your sentence to any court, under any grounds.

The magistrate judge then asked Mr. Graham if he understood, to which Mr. Graham responded, "Yeah." The magistrate judge then said, "All right. That's important." Change of Plea Hearing Tr. [Doc. No. 133], 13-14.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V. Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Mr. Graham wasn't sentenced under the residual clause of the definition of "violent felony" in the ACCA, but under identical language in § 4B1.2 of the Guidelines defining the term "crime of violence." Mr. Graham argues that robbery isn't a "crime of violence" as defined under § 4B1.2 for three reasons: first, robbery isn't a "crime of violence" under the elements clause, § 4B1.2(a)(1); second, robbery isn't a "crime of violence" under the enumerated offenses clause, § 4B1.2(a)(2); and third, robbery isn't a "crime of violence" under the residual clause because the residual clause is unconstitutional under Johnson, § 4B1.2(a)(2).[1] As a result, he shouldn't have been subject to § 2K2.1(a)(2)'s career offender enhancement. Mr. Graham filed a petition under 28 U.S.C. § 2255 asking that his sentence be vacated and he be resentenced without the career offender enhancement.

## II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, issues not argued and decided on direct appeal can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v.

---

[1] Indeed, while Mr. Graham awaited this order, the court of appeals held that the residual clause of § 4B1.2(a)(2) violates the Due Process Clause because it's "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." United States v. Hurlburt, No. 15-1686, 2016 WL 4506717, at *3 (7th Cir. Aug. 29, 2016) (quoting Johnson, 135 S. Ct. at 2556).

4

United States, 313 F.3d 1001, 1006 (7th Cir. 2002). A claim of ineffective assistance of counsel not raised on direct appeal can, however, still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003). Mr. Graham filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015) and "made retroactively applicable to cases on collateral review" in Welch v. United States, 136 S. Ct. 1257 (2016). § 2255(f)(3).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Graham's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. DISCUSSION

The court can't reach the merits of Mr. Graham's petition because the appeal waiver prevents him from raising them.

"We will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d

5

675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Graham's appeal waiver was knowing and voluntary. He stated during the change of plea hearing that he read and understood that he was giving up his right to appeal or otherwise challenge his sentence. These sworn statements at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver says that by pleading guilty, Mr. Graham waives his right to collaterally attack his sentence with a § 2255 petition "on any ground." The waiver was knowing and voluntary and the current claim falls within its scope, so the waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement," Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011), or "deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)," United States v. Adkins, 743 F.3d 176, 192-193 (7th Cir. 2014).

None of these exceptions apply. As discussed previously, the waiver was voluntary. Mr. Graham was sentenced based on his crime and his criminal history, not a constitutionally impermissible factor. The sentence was within the statutory maximum. Mr. Graham was represented at the time he pled guilty and doesn't challenge his attorney's performance. Last, nothing suggests that Mr. Robertson signed onto an uncivilized procedure. That is enough to close the door on Mr. Robertson's collateral attack.

Mr. Graham argues that the court relied on a constitutionally impermissible factor in sentencing: the consideration of his prior felony as a "crime of violence." In the same way a judge can't look to the race of the defendant as a factor in sentencing, he says, under Johnson a judge can't look to whether the defendant committed a "crime of violence" under the residual clause. The former violates the defendant's right to equal protection and the latter violates due process.

The problem with this argument is that the "constitutionally impermissible factor" exception would only come into play here if it was unconstitutional for the court to consider Mr. Graham's prior conviction for robbery at all. The fact of the prior conviction is a perfectly permissible consideration, even if Mr. Graham is correct that its label as a "crime of violence" is unconstitutional. The fact of the defendant's race, in contrast, is never a permissible consideration.

Building the manner in which the court characterizes a fact that is perfectly constitutional for consideration into the "constitutionally impermissible factor" exception would undercut most § 2255 waivers. *See* United States v.

Behrman, 235 F.3d 1049, 1051 (7th Cir. 2000) ("Because almost every argument in a criminal case may be restated in generic constitutional form . . . , a 'constitutional-argument exception' would vitiate most waivers of appeal and all waivers of collateral attack."); United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) (holding that appeal waiver prevented constitutional argument for resentencing when initial sentencing occurred prior to United States v. Booker, 543 U.S. 220 (2005)). Mistake in designating a defendant as convicted of a "crime of violence" isn't sufficient ground to ignore a knowing and voluntary waiver.

Mr. Graham also argues that his claim fits into another exception rendering appeal waivers unenforceable: if enforcement works a "miscarriage of justice." *See, e.g.*, United States v. Grimes, 739 F.3d 125, 128-129 (3d Cir. 2014). Our court of appeals limits waiver exceptions to those just described, *see* United States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014) (holding that the prior exceptions are "the only sorts of grounds which we have indicated may be sufficient to overcome a broad appellate waiver such as the one knowingly and voluntarily agreed to"), and has rejected attempts to circumvent waivers on grounds that developments in the law render a portion of the sentencing court's rationale unconstitutional, *see* Bownes, 405 F.3d at 636 ("By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one."); United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009) ("By entering into an appeal waiver that did not include an escape hatch of the kind we contemplated in *Bownes*, McGraw relinquished

8

his right to challenge his sentence based on intervening Supreme Court decisions.").

Even if the court of appeals adopted a general "miscarriage of justice" exception, it isn't clear if it would release Mr. Graham from his waiver. United States v. Blackwell, No. 15-1031, 2016 WL 3190569, at *2 (2d Cir. June 1, 2016) ("Because Blackwell's sentence conformed to his plea agreement, he received the benefit of that agreement and he has waived any challenge to his sentence on the basis of Johnson."); United States v. Ford, No. 15-3684, 2016 WL 1274126, at *1 (8th Cir. Apr. 1, 2016) (enforcing appeal waiver to claims that "the district court misapplied the career-offender provisions of the Guidelines, in light of Johnson"). That Narvaez v. United States, 674 F.3d 621, 629 (7th Cir. 2011) recognizes that an error branding someone as a career offender "constitutes a miscarriage of justice" doesn't mean that it creates a "miscarriage of justice" exception to appeal waivers or that this case would fall into it.

There is great harm to an unlawful sentencing guideline. *See* Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011) ("The imposition [of an unlawful career offender status under the Guidelines] created a legal presumption that [the defendant] was to be treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible."); United States v. Hurlburt, No. 14-3611, 2016 WL 4506717, at *6 (7th Cir. Aug. 29, 2016) (explaining how these guidelines "anchor" a judge's sentencing evaluation). Other courts might allow an implicit escape hatch from the waiver where the crime the defendant was convicted of or the sentencing guideline is

9

unlawful. *See* United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001) (holding that waivers are presumptively valid but subject to exception where broader "miscarriage of justice" occurs); United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (same). Others wouldn't allow Mr. Robertson's attack even with a "miscarriage of justice" exception. *See* United States v. Johnson, 410 F.3d 137, 151-153 (4th Cir. 2005) (recognizing miscarriage exception but finding no exception where law changes in defendant's favor); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003) (holding that any sentence within statutory limit isn't miscarriage and citing Bownes); United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). In any event, an implicit escape hatch isn't the law here. United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005).

The government and Mr. Graham adopted the waiver knowingly and voluntarily as understood by our precedent. No exceptions apply. Mr. Graham is bound by the waiver and this court won't reach the merits of his argument.

## IV. Conclusion

Based on the foregoing, the court DENIES Mr. Graham's § 2255 motion to vacate and correct his sentence [Doc. No. 124].

SO ORDERED.

ENTERED:  October 6, 2016

 /s/ Robert L. Miller, Jr.
Judge
United States District Court
